62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry SMITH, Plaintiff-Appellant,
v.
Lee SCRUTON, Chairperson, and in his individual capacity;
Baldwin Andrade, Chairperson, and in his individual
capacity; Daniel Kama, Chairperson, and in his individual
capacity; John Smythe, Administrator, and in his individual
capacity, Defendants-Appellees.
 No. 93-16577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Terry Smith appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Smith alleged that defendants violated his due process rights by failing to give him proper notice and an adequate hearing prior to placing him in segregation for twenty-eight days. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Because the Due Process Clause, itself, does not create a protected liberty interest in remaining in the general prison population, Smith must show that state law created such an interest. See Hewitt v. Helms, 459 U.S. 460, 468-69 (1982).
 
 
 4
 The Supreme Court recently changed the methodology we employ in determining whether a state has created a protected liberty interest entitling an inmate to the procedural protections afforded by the Due Process Clause. See Sandin v. Conner, No. 93-1911, 1995 WL 360217 (U.S. June 19, 1995). We no longer examine the language of prison regulations to determine whether such regulations place substantive restrictions on an official's discretion. Mujahid v. Meyer, No. 93-1449, slip. op. 8049, 8052 (9th Cir. July 10, 1995). Rather, we focus on the particular discipline imposed and ask whether it "'present[s] the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."' Id. (quoting Sandin, 1995 WL 360217, at * 7).
 
 
 5
 Here, Smith was placed in segregation for twenty-eight days as a result of his misconduct. Based on the Supreme Court's decision in Sandin, and our decision in Mujahid, we conclude that there is no liberty interest at issue. See Sandin, 1995 WL 360217, at * 7; Mujahid, No. 93-1449, slip. op. at 8052. Accordingly, the district court did not err by granting summary judgment for defendants.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3